UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUAN URRUTIA,

                Petitioner,

    -vs-

GRAY GREEN,                    ,

                Respondent.

**ORDER**
**No. 05-CV-6153**

_____

Petitioner Juan Urrutia has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his conviction in New York State Supreme Court (Monroe County) on one count of first degree sodomy.  On July 20, 2005, Petitioner filed a motion seeking the appointment of counsel. *See* Docket No. 11.  This motion was denied on March 30, 2006.  On April 10, 2007and April 11, 2007, petitioner filed the same motion papers, again seeking to have counsel appointed to represent him in connection with his habeas petition.  Petitioner asserts that he is entitled to appointed counsel because he does "not speak or read English very well; . . . the complexity of the legal issues involved in his case; and the conflicting evidence that need [sic] to be presented before the judge[,]" Docket No. 12.

First, there is no absolute right to assistance of counsel in the preparation of a habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (noting that *Teague v. Lane*, 489 U.S. 288 which prohibits, with certain exceptions, the retroactive application of new law to claims raised in federal habeas, does not "imply that there is a constitutional right to counsel in federal

habeas corpus") (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (stating that he right to appointed counsel extends to the first appeal of right, and no further, and declining to hold that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions) (citing *Johnson v. Avery*, 393 U.S. 483, 488 (1969)); *see also Finley*, 481 U.S. at 555 ("We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.") (citing *Boyd v. Dutton*, 405 U.S. 1, 7, n. 2 (1972) (Powell, J., dissenting); *accord*, *e.g.*, *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004).

    Furthermore, a petitioner's difficulty with the English language, or the fact that he does not speak English as a first language is not commensurate with an inability to understand English. *See Silvestre v. United States*, 55 F. Supp.2d 266 (S.D.N.Y. 1999) (citing *Roccisano v. United States*, 936 F. Supp. 96, 100 (S.D.N.Y. 1996)). Here, petitioner filed his petition in a timely manner and submitted a memorandum of law that is legible and coherent; this belies his claim that his difficulties with English prevented him from filing his petition in a timely manner and suggests at a minimum he at least has access to legal assistance at the prison.

    The Second Circuit, in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), held that while district courts have discretion under 28 U.S.C. § 1915(d) to appoint for indigents in civil cases, such as petitions for a writ of habeas corpus under 28 U.S.C. § 2254, such discretion is not unlimited and is reviewed for abuse of discretion. 802 F.2d at 60. In determining whether appointment of counsel is warranted, the district court must examine the merits of the indigent petitioner's claim. *See id.* Here, petitioner has alleged one claim–that the verdict was against the

weight of the evidence. *See* Petition (Docket No. 1). This claim is not particularly complex; nor it likely to be successful on federal habeas review, as it relates to issues of state law for which federal habeas relief generally is not available. *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Thus, where the indigent petitioner's chances of success are "extremely slim," the Second Circuit held in *Hodge* that "counsel is often unwarranted[.]" *Id.*

At this juncture, it would be an abuse of the Court's discretion to appoint counsel for petitioner in connection with his habeas petition. Accordingly, petitioner's motions (Docket Nos. 11, 12) for the appointment of counsel are **DENIED** without prejudice at this time.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
Hon. Victor E. Bianchini
United States Magistrate Judge

Dated: April 12, 2007
Rochester, New York.